# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: May 2, 2017

```
*  *  *  *  *  *  *  *  *  *  *  *  *
```

| | | |
|---|---|---|
| JENELLE ESCALERA and ARTURO | * | |
| ESCALERA, on behalf of their minor | * | |
| child A.E., | * | No. 14-431V |
| | * | |
| Petitioners, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | Decision on Proffer; Damages; Diphtheria-|
| SECRETARY OF HEALTH | * | Tetanus-Acellular-Pertussis ("DTaP")|
| AND HUMAN SERVICES, | * | Vaccine; Haemophilus Type B ("HiB")|
| | * | Vaccine; Celiac Disease.|
| Respondent. | * | |

```
*  *  *  *  *  *  *  *  *  *  *  *  *
```

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
Christine M. Becer, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On May 20, 2014, Jenelle and Arturo Escalera ("Petitioners") filed a petition on behalf of their daughter, A.E., pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012).  Petitioners allege that the diphtheria-tetanus-acellular-pertussis ("DTaP") and haemophilus type B ("HiB") vaccines administered on May 20, 2011 caused A.E. to suffer from celiac disease.  Ruling Entitlement 1, ECF No. 42.

On November 23, 2016, Special Master Hamilton-Fieldman issued a Ruling on Entitlement.  *Id.*  She held that Petitioners' theory and medical records satisfied the three-prong test in *Althen v. Secretary of Health and Human Services*, 418 F.2d 1274, 1278 (Fed. Cir. 2005), and Petitioners were therefore entitled to compensation.  *Id.* at 18-21.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) [hereinafter "Vaccine Act" or "the Act"].  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On November 28, 2016, Special Master Hamilton-Fieldman issued a Damages Order encouraging the parties to identify and provide information "that will be necessary to provide appropriate compensation to Petitioners."  Dam. Order, ECF No. 43.  On January 10, 2017, the case was reassigned to the undersigned.  Not. Reassignment, ECF No. 46.

On May 2, 2017, Respondent filed a Proffer on Award of Compensation ("Proffer"). Proffer, ECF No. 53.  Based on the record as a whole, the undersigned finds that Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, attached as Appendix A, the undersigned awards Petitioners:

A. **A lump sum payment of $38,106.90, representing compensation for past and future un-reimbursable expenses, in the form of a check payable to [P]etitioners; and**

B. **A lump sum payment of $9,966.63 representing compensation for a State of Arizona Medicaid Lien, in the form of a check payable jointly to [P]etitioners and**

> **First Recovery Group**
> **Attn: Duncan Burgess**
> **26899 Northwestern Hwy – Suite 250**
> **Southfield, MI 48033**

**Petitioners agree to endorse this payment to the State of Arizona.**

C. **An amount sufficient to purchase an annuity contract, subject to the conditions described [in Appendix A], that will provide payments as described in section I.C., [of Appendix A], and paid to the life insurance company from which the annuity will be purchased.**

Proffer 3.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

> s/Herbrina D. Sanders
> Herbrina D. Sanders
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| JENELLE and ARTURO ESCALERA, on behalf of their minor child, A.E.,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 14-431V<br>Special Master Sanders<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

Respondent submits the following recommendations regarding items of compensation to be awarded to petitioner under the Vaccine Act.

### I.      Items of Compensation

### A.      Past Un-reimbursable Expenses

Evidence supplied by petitioners documents their expenditure of past un-reimbursable expenses related to A.E.'s vaccine-related injury.  Respondent proffers that petitioner should be awarded past un-reimbursable expenses in the amount of $38,106.90.  Petitioner agrees.

### B.      Medicaid Lien

Respondent proffers that A.E. should be awarded funds to satisfy the State of Arizona's Medicaid lien in the amount of **$9,966.63**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Arizona may have against any individual as a result of any Medicaid payments the State of Arizona has made to or on

behalf of A.E. from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about May 20, 2011, under Title XIX of the Social Security Act.  Petitioner agrees.

**C.      Remaining Compensation for Damages Available under 42 U.S.C. § 300aa-15(a).**

Respondent proffers that A.E. should be awarded the following payments:

$21,600.00 lump sum paid annually for 5 years starting on January 17, 2028.

The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of A.E., pursuant to which the Life Insurance Company will agree to make the above described lump sum payments to A.E.

Should A.E. predecease the exhaustion of the payments referenced above in this paragraph or be declared incompetent by a court with proper jurisdiction, any remaining payments shall be made to A.E.'s estate.  Either petitioner or A.E.'s legal guardian at the time shall provide written notice to the Secretary of Health and Human Services and to the Life Insurance Company within twenty (20) days of A.E.'s death or being declared incompetent.  Petitioner agrees.

**II.      Form of the Award**

The parties recommend that the compensation provided to A.E. should be made through a combination of one-time lump sum payments and future annuity payments as described in paragraph I.C., above, and request that the Special Master's decision and the Court's judgment award the following for all compensation available under 42 U.S.C. § 300aa-15(a).

2

Respondent proffers and petitioner agrees that an award of compensation include the following elements:

A.     A lump sum payment of **$38,106.90**, representing compensation for past and future un-reimbursable expenses, in the form of a check payable to petitioners; and

B.     A lump sum payment of **$9,966.63**, representing compensation for a State of Arizona Medicaid Lien, in the form of a check payable jointly to petitioners and

First Recovery Group
Attn: Duncan Burgess
26899 Northwestern Hwy – Suite 250
Southfield, MI  48033

Petitioners agree to endorse this payment to the State of Arizona.

C.  An amount sufficient to purchase an annuity contract,[1] subject to the conditions described below, that will provide payments as described in section I.C., above, and paid to the life insurance company[2] from which the annuity will be purchased[3].

---

[1] To satisfy the conditions set forth herein, in respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[2] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

     a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

     b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

     c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

     d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[3] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury

III.   **Summary of Recommended Payments Following Judgment**

    A.     Lump sum paid to petitioner:         **$38,106.90**

    B.     Lump sum paid to the State of Arizona     **$ 9,966.63**

    C.     An amount sufficient to purchase the annuity contract described above in section

           I.C.

                     Respectfully submitted,

                     CHAD A. READLER
                     Acting Assistant Attorney General

                     C. SALVATORE D'ALESSIO
                     Acting Director
                     Torts Branch, Civil Division

                     CATHARINE E. REEVES
                     Deputy Director
                     Torts Branch, Civil Division

                     LINDA S. RENZI
                     Senior Trial Counsel
                     Torts Branch, Civil Division

---

Compensation Program System of Records, No.09-15-0056.

/s/ Christine Becer
CHRISTINE BECER
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-3665

Dated:  May 2, 2017                    Fax: (202) 616-4310