# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 19, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JENELLE ESCALERA and ARTURO ESCALERA, on behalf of their minor child A.E., | * * * * | No. 14-431V |
| Petitioners, | * * | Special Master Sanders |
| v. | * * | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Unopposed; Reasonable Amount Requested. |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
Christine M. Becer, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On May 20, 2014, Jenelle and Arturo Escalera ("Petitioners") filed a petition on behalf of their daughter, A.E., pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012).  Petitioners alleged that the diphtheria-tetanus-acellular-pertussis ("DTaP") and haemophilus type B ("HiB") vaccines administered on May 20, 2011 caused A.E. to suffer from celiac disease.  Ruling Ent. 1, ECF No. 42.  On November 23, 2016, Special Master Lisa Hamilton-Fieldman issued a ruling finding that Petitioners were entitled to compensation.  *Id.*  On May 2, 2017, the undersigned issued a decision awarding compensation to Petitioners pursuant to Respondent's damages proffer.  Decision Proffer, ECF No. 54

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) [hereinafter "Vaccine Act" or "the Act"].  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On May 18, 2017, Petitioners filed an Unopposed Motion for Final Attorneys' Fees and Costs. Mot. Att'ys' Fees, ECF No. 56. Petitioners requested attorneys' fees and costs in the amount of $40,000.00. *Id.* at 1. Respondent indicated that he "does not object to the overall amount sought," but also noted that the "lack of objection should not be construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." *Id.* at 1-2.

The undersigned has reviewed Petitioners' counsel's detailed records of time and expenses incurred in this case, and they are reasonable. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioners are entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $40,000.00,[3] in the form of a check made payable jointly to Petitioners and Petitioners' counsel, Andrew D. Downing, of Van Cott and Talamante, PLLC.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).